[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16675
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00062-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 28, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Marco Green appeals his 236-month sentence after a jury found him guilty

of conspiracy to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(iii). Green argues that his sentence is substantively unreasonable in light of both the evidence presented during the merits phase of his trial and several positive character references submitted to the district court during the sentencing phase of his trial. We find Green's argument to be without merit and AFFIRM the judgment of the district court.

## I. BACKGROUND

On 4 September 2008, Green was convicted by a jury of conspiracy to distribute and possession with intent to distribute cocaine base. See R1-214 at 1-2. In preparing the Presentence Investigation Report ("PSI"), the probation officer assigned Green a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(c)(3) (Nov. 2007).[1] The probation officer also determined that Green had six criminal history points stemming from two prior cocaine base convictions and a domestic battery arrest. Because Green committed the underlying offense while he was on probation and within two years of his last release from prison, the probation officer added three more points, pursuant to U.S.S.G. § 4A1.1(d) and (e), for a total of nine points and a criminal history level of IV. Based on a base offense level of 34

---

[1] The quantity of cocaine base involved was determined to be 1.10 kilograms of cocaine base.

2

and a criminal history of IV, Green's guideline imprisonment range was calculated to be 210 to 262 months. See U.S.S.G. Ch.5, Pt.A. The statutory minimum for Green's sentence was ten years and the maximum was life imprisonment. See 21 U.S.C. § 841(b)(1). The probation officer recommended a sentence of 236 months of imprisonment, the midpoint of the guideline imprisonment range.

## II. DISCUSSION

We review the reasonableness of a sentence under an abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). This abuse-of-discretion standard applies to both procedural and substantive reasonableness. United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). Under the abuse-of-discretion standard, we will only reverse if the district court made a clear error of judgement. Pugh, 515 F.3d at 1191. The party challenging the sentence carries the burden of establishing unreasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

When reviewing for procedural reasonableness, we must ensure that the district court (1) properly calculated the guideline range, (2) treated the Guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). Moreover, 18

3

U.S.C. § 3553(c) requires the district court to state its reasons for the sentence in open court. In complying with § 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). However, "[t]he appropriateness of . . . what to say, depends upon [the] circumstances." Id. Generally, when sentencing inside the advisory guideline range, the district court is not required to state explicitly that it has considered each of the § 3553(a) factors in open court, or to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam).

In determining the substantive reasonableness of a sentence, we "take into account the totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation marks and citation omitted). "We . . . evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. Moreover, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Green's sentence was procedurally and substantively reasonable. The district court did not abuse its discretion because the record reflects that it

4

adequately considered the § 3553(a) factors and explained the appropriateness of Green's midrange sentence of 236 months of imprisonment in the absence of any aggravating or mitigating circumstances. See R5 at 9. Furthermore, the district court took account of the letters sent in support of Green, but noted that his actual behavior, such as hitting his girlfriend, falling behind in child-support payments, and selling drugs painted an unsympathetic picture. See id. at 8-9. Since the district court openly stated its consideration of the § 3553(a) factors and provided an explanation, it did not need to provide further detail as to why Green's within-guidelines sentence was appropriate. See Agbai, 497 F.3d at 1230.

Finally, Green's argument faulting the district court for failing to independently review the record for evidence of his actual innocence is without merit. First, Green cites no legal support for this proposition. Second, the district court stated that it had considered all the requisite sentencing factors under § 3553(a) before fashioning Green's sentence. The § 3553(a) factors do not include the likelihood of Green's innocence. See 18 U.S.C. § 3553(a). Therefore, Green proffers no meaningful justification, let alone a legally significant one, to support his assertion that a considerable downward departure or variance in his guidelines range was warranted.

5

### III. CONCLUSION

Green argues that his sentence is substantively unreasonable. Our review of the record reveals otherwise. Accordingly, we AFFIRM the judgment of the district court.

**AFFIRMED.**